**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS GOMEZ, et al, | ) | No:  12 CV 04804 |
| | ) | |
| v. | ) | Honorable Judge Bucklo |
| | ) | |
| KRUGER , et al. | ) | |
| | ) | Magistrate Judge Gilbert |

## PLAINTIFFS' OPPOSED MOTION FOR
## LEAVE TO FILE A THIRD AMENDED COMPLAINT

NOW COME the Plaintiffs, by and through their attorneys, Melinda Power and Sandeep Basran of the West Town Law Office and Abby D. Bakos, Brendan Shiller and Stephen Berrios of the Shiller Preyar Law Offices, and respectfully request that this Court grant them leave to file their third amended complaints. In support thereof, Plaintiffs state as follows:

Plaintiffs seek leave of court to file separate Third Amended Complaints. Plaintiffs Nazario and Castrejon (represented by the Shiller Preyar Law Offices) seek to add claims under Section 1983 for substantive due process violations and unlawful pretrial detention[1], and seeks to separate their malicious prosecution based on each criminal charge. Plaintiffs Gomez, Rodriguez and Mercado (represented by the West Town Law Office) seek to separate their malicious prosecution claims based on each criminal charge. Both parties also seek amendment to dismiss Defendant Officers Feliciano (Star #16807) and Vargas (Star #15810) from this lawsuit and to separate and amend the factual allegations.

## BACKGROUND

---

[1] The Fourth Amendment claim for illegal pretrial detention did not exist until the March 21, 2017 United States Supreme Court decision in *Manuel v. City of Joliet*, Case. No. 14-9496 (U.S. Mar. 21, 2017).

On June 16, 2012, Plaintiffs Nazario, Gomez, Rodriguez and Mercado filed a Complaint against the City of Chicago and number of Chicago Police Officers asserting federal claims for excessive force, failure to intervene, unlawful seizure/false arrest, and conspiracy, and state claims for intentional infliction of emotional distress, assault, battery, malicious prosecution, and conspiracy. Plaintiffs also brought claims for *respondeat superior* and indemnity against the City of Chicago. (Dkt. 1). Plaintiff Castrejon was added as a plaintiff in the Second Amended Complaint filed on June 14, 2013. (Dkt. 53).

Plaintiffs' claims stem from a June 16, 2011 incident where all five Plaintiffs were arrested by Defendant Officers after the Plaintiffs called the officers to their workplace to assist them in getting gang members away from their establishment. All Plaintiffs were arrested and charged with resisting/obstructing a peace officer and mob action. Plaintiff Castrejon was also charged with eavesdropping and both Castrejon and Nazario were charged with aggravated battery as well. Only Castrejon and Nazario were not bonded out from the station. They were both held overnight and brought to bond court at 26th and California. Although both Castrejon and Nazario were bonded out prior to being processed into Cook County Jail, they both remained in custody for several hours after the initial finding of probable cause pursuant to Gerstein. Therefore, these hours of detention fall under the *Manuel* cause of action. The only charges that the State's Attorney did not (eventually) dismiss[2], were Castrejon and Nazario's aggravated battery charges. Following a jury trial, on November 17, 2016, Plaintiffs Nazario and Castrejon were found not guilty of those charges.

---

[2] The eaves dropping charge was dismissed only after a motion to dismiss was fully briefed; and the resisting arrest charges were dismissed on the eve of trial.

2

At various times during the pendency of Nazario and Castrejon's criminal cases, discovery was stayed. Since the date of acquittal, the parties have taken a number of depositions and responded to outstanding written discovery. On June 12, 2017, this Court extended the fact discovery deadline through and including September 13, 2017. (Dkt. 136).

At this time, there are a few differences of opinion between counsels for Nazario and Castrejon and counsel for the other three plaintiffs as to what all should be pled and how some of those claims should be pled. Further, the *Manuel* case only affects the claims of Nazario and Castrejon. Finally, each of the five Plaintiffs viewed the incident from different perspectives and can offer different facts based on what they witnessed. As such, Plaintiffs wish to clarify and separate the facts for each individual plaintiff in the amended complaint.

## ARGUMENT

Generally, plaintiffs may amend their complaint "only by leave of court or by written consent of the adverse party" and leave "shall be freely given when justice so requires." Fed. R. Civ.P. 15(a)(2). It is well settled that "if the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should only be denied if brought for purposes of undue delay, bad faith, dilatory motive, or futility. *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Here, Plaintiffs' Third Amended Complaint will not unduly delay this case as the June 11, 2011 incident, subsequent detention and prosecution of all Plaintiffs have been litigated to establish the pre-existing malicious prosecution and false arrest claims. Should the defense wish to conduct discovery more specifically on the two new claims for Nazario and Castrejon (illegal pretrial detention and due process) they have three months to do so. Further, the addition of the

illegal pretrial detention claim is not futile because the claim itself relates back to Plaintiffs' original filing. Finally, Plaintiffs are acting in good faith and have no dilatory motive as recognition of pretrial detention claim in the Seventh Circuit only came about 90 days ago.

## I. Fourth Amendment Unlawful Pretrial Detention Claim

### a. *Plaintiff Nazario and Castrejon's Fourth Amendment Unlawful Pretrial Detention Claim is Viable.*

Nazario and Castrejon's unlawful pretrial detention claim is viable under the standards set forth in *Manuel v. City of Joliet* Case. No. 14-9496 (U.S. Mar. 21 2017). The *Manuel* Court held that a plaintiff "may challenge his pretrial detention on the ground that it violated the Fourth Amendment" and held that the "Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." *Id*. In *Manuel*, the plaintiff sat in a county jail after the judge "relied exclusively on the criminal complaint – which in turn relied exclusively on the police department's fabrications – to support a finding of probable cause." *Id.*

The facts in Manuel are similar to the case at bar in that it involved a plaintiff who, after the start of legal process, was detained at the county jail based on officer's manufactured probable cause. There, on March 18, 2011, Joliet police officers stopped Manuel and found a vitamin bottle on his person which contained pills; suspecting the pills were illegal drugs, the officers conducted a field test of the pills. *Manuel v. Joliet*, No. 14-9496 (U.S. Mar. 21 2017), slip op. at 2. The field test came back negative for controlled substances, leaving the officers with no evidence that Manuel had committed a crime. *Id.* Still, the officers arrested Manuel and took him to the police station. *Id.* There, an evidence tech tested the pills again and got the same result: negative for controlled substances. *Id.* But, the evidence tech lied in his report and stated that one of the pills was found to be positive for the "probable presence of ecstasy." *Id.* One of the arresting officers repeated the same lie in his report, writing that "from his training and

experience, he knew the pills to be ecstasy." *Id.* On that basis, another officer swore out a criminal complaint against Manuel, charging him with unlawful possession of a controlled substance. *Id.*

Manuel was then brought before a county judge later that day for a determination on whether there was probable cause for the charge, as necessary for further detention under *Gerstein*. *Id.* at 3. The judge relied exclusively on the criminal complaint, which itself relied on two officers' fabricated reports, to support a finding of probable cause. *Id.* Manuel was sent to county jail to await trial. *Id.* While Manuel was in jail, on April 1, the Illinois police laboratory re-tested the pills and issued a report concluding that they contained no controlled substances. *Id.* But, the prosecution and Manuel's detention continued for more than another month until the charge was dropped. *Id.* All told, Manuel spent 48 days in pretrial detention. *Id.* Manuel filed a Section 1983 suit alleging that his Fourth Amendment rights were violated in two ways: by arresting him at the roadside for no reason and by "detaining him in police custody" for seven weeks based entirely on made-up evidence. *Id.* at 3-4.

In reaching its holding, the Supreme Court explained as follows:

> The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures." Manuel's complaint seeks just that protection. Government officials, it recounts, detained— which is to say, "seiz[ed]"—Manuel for 48 days following his arrest. See App. 79–80; *Brendlin v. California*, 551 U. S. 249, 254 (2007) ("A person is seized" whenever officials "restrain[ ] his freedom of movement" such that he is "not free to leave"). And that detention was "unreasonable," the complaint continues, because it was based solely on false evidence, rather than supported by probable cause. See App. 79–80; *Bailey v. United States*, 568 U. S. 186, 192 (2013) ("[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime"). By their respective terms, then, Manuel's claim fits the Fourth Amendment, and the Fourth Amendment fits Manuel's claim, as hand in glove. *Id.* at 6.

The Court also noted that:

"Pretrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case. The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause. See supra, at 6. That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding. But it also can occur when legal process itself goes wrong—when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements. Then, too, a person is confined without constitutionally adequate justification. Legal process has gone forward, but it has done nothing to satisfy the Fourth Amendment's probable-cause requirement. And for that reason, it cannot extinguish the detainee's Fourth Amendment claim— or somehow, as the Seventh Circuit has held, convert that claim into one founded on the Due Process Clause." *Id.* at 8-9.

Acknowledging that if the plaintiff's complaint is that a form of legal process which resulted in pretrial detention is unsupported by probable cause, then the right infringed lies in the Fourth Amendment, the Court held that "Manuel stated a Fourth Amendment claim when he sought relief not merely for his (pre-legal-process) arrest, but also for his (post-legal-process) pretrial detention." *Id.* at 9-10. The Court also specifically noted that "all that the judge had before him were police fabrications about the pills' content. The judge's order holding Manuel for trial therefore lacked any proper basis." *Id.*

Here, Plaintiffs Nazario and Castrejon's were detained at the Cook County Jail for several hours after their bond hearings without probable cause. The bond hearings triggered the start of "legal process." Plaintiff seeks to add the fourth amendment illegal pretrial detention claim to include the time spent in the county jail as part of their damages. Based on the holding in *Manuel* and the facts of this case, Plaintiff should be permitted to do so.

### b. *Plaintiffs' Unlawful Pretrial Detention Claim is Timely as It Relates Back to the Initial Complaint.*

Plaintiffs' Nazario and Castrejon's Fourth Amendment unlawful pretrial detention claim (*i.e.* for the period between their bond hearing and their release from custody several hours later)

relates back to their original pleading date of June 16, 2012 for Nazario (Dkt. 1) and June 14, 2013 for Castrejon (Dkt. 53). If the jury believes that Defendants fabricated evidence to establish probable cause, then it was those fabrications which resulted in Plaintiffs' detention at the county jail.

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). "Under Illinois law as under federal law, an amendment relates back when it arises out of the same transaction or occurrence set up in the original pleading." *Cleary v. Philip Morris Inc*., 656 F.3d 511, 515 (7th Cir. 2011) (citation omitted). More specifically, an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed.R.Civ.P.15(c)(1)(B); *see also Luevano v. Wal-Mart Stores, Inc*., 722 F.3d 1014, 1022 (7th Cir. 2013). "[T]he purpose of relation back" is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 560 U.S. at 549-50.

Critically, "Relation back is permitted under Rule 15(c)[] where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co*., 93 F.3d 372, 379 (7th Cir. 1996); see, e.g., *Luckett v. Conlan*, 561 F.Supp.2d 970, 975 (N.D. Ill. 2008). That is exactly what Plaintiffs wish to do here: assert a new claim on the basis of the same core facts but involving a different substantive legal theory than previously advanced. Because

Nazario and Castrejon's original Complaint was timely filed and the new claim relates back to the date of that filing, the new illegal pretrial detention claims (and all additional claims that Plaintiffs includes in the Third Amended Complaint) is timely.

## II.     The Due Process and Malicious Prosecution Claims

Plaintiffs Nazario and Castrejon also seek amendment to add a due process claim under *Brady* and all Plaintiffs seek to separate the malicious prosecution claims based on each charge. Both the due process claims and the malicious prosecution claims stem from the same facts and circumstances the parties have been litigating for six years and will require no foreseeable "additional" discovery. Plaintiffs merely seek to separate those claims to put the defense on notice as to how Plaintiffs will present the malicious prosecution claims to the jury at trial.

Because Plaintiffs may be entitled to recovery under the added claims, Defendants suffer no prejudice as a result of the amendment and the added claims will not cause any delays, Plaintiffs should be permitted to add them.

## III.     Separate Complaints

Finally, Plaintiffs Nazario and Castrejon are represented by the Shiller Preyar Law Offices while Plaintiffs Gomez, Mercado and Rodriguez are represented by the West Town Law Offices. Through their attorneys, the parties have slightly different strategies on how to try this case and wish to separate the complaints (and most everything else in this litigation) to employ those strategies effectively. Although Defendants object to this separation, there is no foreseeable prejudice that the Defendants will suffer by allowing the Plaintiffs to separate their complaints.

Further, because the facts of the complaint could come in for impeachment at trial, and the five different Plaintiff's witnessed different events and observed things from various

8

perspectives, Plaintiffs wish to amend and separate the facts to properly reflect what each

witness has and will testify to in this case.

## CONCLUSION

Based on the foregoing, Plaintiffs ask that this Court grant Plaintiffs' Motion for Leave to

file Plaintiffs' Third Amended Complaints attached hereto as Exhibits A and B to separate their

malicious prosecution claims by charge, to add claims for due process (*Brady*) and illegal pretrial

detention, to separate their complaints, to dismiss officers Vargas and Feliciano as Defendants

and to amend and separate the factual allegations.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs'

Motion For Leave to File a Third Amended Complaint and for any additional relief that this

Court deems equitable and just.

Respectfully submitted,


/s/ Melinda Power
Melinda Power

/s/ Abby D. Bakos
Abby D. Bakos

/s/ Sandeep Basran
Sandeep Basran

/s/ Brendan Shiller
Brendan Shiller

West Town Law Office
2502 W. Division Street
Chicago, Illinois 60622
(773)278-0635

Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590

## <u>CERTIFICATE OF SERVICE</u>

I, Abby Bakos, hereby certify that a copy of the foregoing was served electronically using the Court's CM/ECF system on July 7, 2017 to all attorneys of record.

Respectfully submitted,

<u>s/ Abby D. Bakos</u>
Abby Bakos

.

The Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590