IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS GOMEZ, EDWIN MERCADO, OMAR NAZARIO, OSMAR RODRIGUEZ, and MIKE CASTREJON<br>    Plaintiffs, | )<br>)<br>)<br>)<br>) | |
| | ) | No: 12 CV 04804 |
| v. | )<br>) | |
| CHICAGO POLICE OFFICERS K. KRUGER (Star no. 17501), SGT. GRASSI (Star no. 1509), SGT. SCHACHELMAYER (Star no. 1934), CORONA (Star no. 3331) G. FREAR (Star no. 16852), M. MANNOT (Star no. 15691), R. TROTTER (Star no. 11076) M. CHERNIK (Star no. 3491) J. RODRIGUEZ (Star no. 12170), DELANY (Star no. 4024), J. CERDA (Star no. 10607), J. ZAMBRANO (Star no. 5475), and the CITY OF CHICAGO,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Honorable Judge Bucklo<br><br>Magistrate Judge Gilbert<br><br><br><br><br><br><br><br><br><br>**JURY DEMANDED** |

**THIRD AMENDED COMPLAINT**

NOW COME the Plaintiffs, OMAR NAZARIO and MIKE CASTREJON, by and through their attorneys, Abby D. Bakos, Brendan Shiller, and Stephen Barrios of the Shiller Preyar Law Offices, and Plaintiffs EDWIN MERCADO, NICHOLAS GOMEZ and OSMAR RODRIGUEZ, by and through their attorneys, Melinda Power and Sandeep Basran of West Town Community Law Office, complaining of the Defendants and in support thereof state as follows:

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiffs' rights under the Constitution of the United States.

**JURISDICTION**

1

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. Omar Nazario has resided at all relevant times in the State of Illinois, County of Cook.

5. Mike Castrejon has resided at all relevant times in the State of Illinois, County of Cook.

6. Osmar Rodriguez has resided at all relevant times in the State of Illinois, County of Cook.

7. Edwin Mercado has resided at all relevant times in the State of Illinois, County of Cook.

8. Nicholas Gomez has resided at all relevant times in the State of Illinois, County of Cook.

9. Defendant Police Officers K. KRUGER (Star no. 17501), SGT. GRASSI (Star no. 1509), SGT. SACHELMAYER (Star no. 1934), CORONA (Star no. 3331) G. FREAR (Star no. 16852), M. MANNOT (Star no. 15691), R. TROTTER (Star no. 11076) M. CHERNIK (Star no. 3491) J. RODRIGUEZ (Star no. 12170), DELANY (Star no. 4024), J. CERDA (Star no. 10607), , and J. ZAMBRANO (Star no. 5475), (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department. They engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. They are sued in their individual capacities.

10. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers. At all times relevant hereto, all Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

11. On the evening of June 16, 2011, Plaintiffs Nazario, Gomez and Rodriguez were working at Luquillo's Barbershop, located at 2552 W. Division Street, Chicago, Illinois.

12. At approximately 8PM, a gang member began flashing gang signs at passing motorists on the sidewalk in front of the barbershop.

13. At one point that evening, Plaintiff Osmar Rodriguez stepped outside onto the sidewalk and asked individuals believed to be gang members to move away from the front of the barbershop.

14. At one point, Plaintiff Nazario joined his co-worker(s) outside to assist them in getting the gang member away from the barbershop.

15. At one point Plaintiff Nicholas Gomez exited the barbershop as well.

16. A barbershop employee called the police to assist Plaintiffs in getting the individuals believed to be gang members away from the barbershop.

17. Shortly thereafter, Defendant Officers arrived on scene and the gang members fled the area.

18. Plaintiff Mercado was standing in the entrance to or directly in front of the barbershop when Chicago Police Officers arrived.

19. Despite the fact that the individuals believed to be gang members were leaving or gone as the initial Chicago Police Officers arrived, more Chicago Police Officers continued to arrive on-scene.

20. Plaintiff Castrejon approached the barbershop as the officers flooded the area.

21. As the officers continued to arrive on-scene, Plaintiff Castrejon began documenting the events with his cell phone's video recorder.

22. Officer Kruger then told Plaintiff Castrejon to "stop fucking recording," hit Plaintiff Castrejon's phone out of his hand, and then pushed Plaintiff Castrejon into the nearby window.

23. Without provocation or justification, Defendant Kruger and several other Defendant Officers proceeded to strike Plaintiff Castrejon about his body.

24. At that point, Defendant Corona grabbed and choked Plaintiff Rodriguez and threw him to the ground face first.

25. Defendant Corona and two other Defendant Officers pinned Plaintiff Rodriguez while he was on the ground.

26. Defendants Corona and Delaney then placed Plaintiff Rodriguez under arrest.

27. Defendant Schachelmeyer grabbed Plaintiff Gomez by the wrist and pushed Plaintiff Gomez's arm behind his back and then forced Plaintiff Gomez up against the exterior wall of the building.

28. Defendant Schachelmeyer pushed Plaintiff Gomez's face into the building.

29. Defendant Schachelmeyer battered Plaintiff Gomez and ordered that Plaintiff Gomez be arrested.

30. Without probable cause or any other justification, Defendant Officers Frear, Chernik, Grassi, Trotter, Mannot, and other Defendant Officers began pulling Mr. Nazario to the ground, while simultaneously beating Mr. Nazario about his head and body.

31. While Plaintiff Nazario was on his knees, Defendant Officers struck Plaintiff Nazario with a baton several times.

32. Defendant Jose Rodriguez then tased Plaintiff Nazario twice.

33. Plaintiff Nazario was then dragged a few feet by one or more officers, kneed in the head, and struck again with a baton.

34. Defendants Schachelmeyer and Frear went into the barbershop where Plaintiff Mercado stood and Defendant Schachelmeyer physically grabbed Plaintiff Mercado, verbally insulted him and forced Plaintiff Mercado out of the barbershop.

35. Defendants Schachelmeyer and Frear then arrested Plaintiff Mercado.

36. All of the other named defendants were present during the use of excessive force against Plaintiffs.

37. Defendants Kruger, Grassi, Frear, Chernik, Trotter, Mannot, Rodriguez conspired to maliciously prosecute Plaintiffs Nazario and Castrejon.

38. Plaintiffs never battered any police officers, resisted arrest or engaged in mob action at any time on June 16, 2011.

39. Plaintiff Gomez, Mercado and Rodriguez were charged with resisting/obstructing a peace officer (and Plaintiff Rodriguez was additionally charged with two counts of resisting/obstructing a peace officer) and mob action.

40. All charges against Plaintiffs Gomez, Mercado and Rodriguez were dismissed in a manner indicative of innocence.

41. Plaintiff Castrejon was arrested and charged with one count of eavesdropping, one count of resisting/obstructing, mob action and one count of aggravated battery to a peace officer.

42. Plaintiff Nazario was arrested and charged with five counts of resisting/obstructing a peace officer, one count of aggravated battery to a police officer and one count of mob action.

43. Following a jury trial, Plaintiffs Nazario and Castrejon were found not guilty of aggravated battery to a peace officer.

44. Plaintiff Nazario and Castrejon's other criminal charges were dismissed prior to trial in a manner indicative of their innocence.

### CLAIM I
### 42 U.S.C. § 1983 – Excessive Force
### For Plaintiffs Nazario, Castrejon, Rodriguez and Gomez
### Against Defendants Kruger, Grassi, Frear, Chernik, Trotter, Mannot, Schachelmayer, Corona and Rodriguez

45. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

46. Defendant Officers inflicted violence upon Plaintiffs that was excessive, unnecessary, unreasonable and grossly disproportionate to the need for action under the circumstances.

47. When inflicting violence upon Plaintiffs, Defendant Officers were acting "under color of state law."

48. As a result of excessive force inflicted by Defendant Officers, Plaintiffs sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

### CLAIM II
### 42 U.S.C. § 1983 – Failure to Intervene
### For Plaintiffs Nazario and Castrejon
### Against Defendants Kruger, Grassi, Frear, Chernik, Trotter, Mannot and Rodriguez

49. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

50. Defendant Officers had a reasonable opportunity to prevent the false arrest against Plaintiffs and prevent their injuries, but failed to do so.

51. As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered damages including, but not limited to attorneys fees, and loss of liberty.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

### CLAIM III
### 42 U.S.C. § 1983 – Unlawful Seizure/ False Arrest
**For All Plaintiffs Against Defendants Kruger, Grassi, Frear, Chernik, Trotter, Mannot and Rodriguez, Schachelmayer, Zambrano, Cerda, Corona and Delaney**

52. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

53. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

54. The actions of the Defendant Officers described above, whereby they knowingly seized Plaintiffs without probable cause or any other justification, constituted a deliberate indifference to their rights under the U.S. Constitution, violating the Fourth and Fourteenth Amendments to the United States Constitution.

55. As a result of the illegal seizures, Plaintiffs were injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, and anguish.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this court deems equitable and just.

### CLAIM IV
### 42 U.S.C. § 1983- Illegal Pretrial Detention
**For Plaintiffs Nazario and Castrejon Against Defendants Kruger, Grassi, Frear, Chernik, Trotter, Mannot and Rodriguez**

56. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

57. Plaintiffs were detained at the Cook County Jail following their bond hearing for several hours without probable cause that they had committed any crimes.

58. Plaintiffs' respective detentions were due to Defendant Officers' fabricated evidence in their police reports and criminal complaints.

59. As a result of this misconduct, Plaintiffs were injured, including a loss of liberty, conditions of bond, physical and emotional damages, legal fees, trauma, mental distress, and severe emotional damages.

WHEREFORE, Plaintiffs demand judgment against Defendant Officers for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## CLAIM V
### State Claim – Assault
### For Plaintiffs Nazario, Castrejon, Gomez and Rodriguez Against Defendant City of Chicago

60. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

61. Acting under color of law, the Defendant Officers Kruger, Grassi, Frear, Chernik, Trotter, Mannot, Rodriguez, Corona, and Schachelmeyer denied Plaintiffs' rights by assaulting them.

62. Plaintiffs believed that they were in danger of being battered by the Defendant Officers.

63. Plaintiffs' belief of an imminent battery was reasonable.

64. Any reasonable person would also have become apprehensive in the face of the Defendant Officers' threatening conduct.

65. The Defendant Officers' conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

66. The misconduct undertaken by Defendant Officers was within the scope of their employment such that their employer, the City of Chicago is liable for those actions.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## CLAIM VI
### State Claim – Battery
### For Plaintiffs Nazario, Castrejon, Gomez and Rodriguez
### Against Defendant City of Chicago

67. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

68. Without the consent of Plaintiffs, Defendant Officers Kruger, Grassi, Frear, Chernik, Trotter, Mannot, Rodriguez, Corona and Schachelmeyer intentionally, harmfully, and offensively touched Plaintiffs by using excessive force on them.

69. The Defendant Officers' conduct that caused this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

70. The misconduct undertaken by Defendant Officers was within the scope of their employment such that their employer, the City of Chicago is liable for those actions.

WHEREFORE, Plaintiffs demand judgment against the Defendant City of Chicago for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## CLAIM VII
### State Claim – Malicious Prosecution for Resisting/Obstructing a Peace Officer and Mob Action For All Plaintiffs and Aggravated Battery to a Peace Officer for Plaintiffs Nazario and Castrejon
### Against Defendant City of Chicago

71. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

72. Defendants Delaney, Cerda, Kruger, Grassi, Frear, Chernik, Trotter, Mannot, Rodriguez, Corona and Schachelmayer maliciously caused criminal charges for Resisting/Obstructing a Peace Officer to be commenced and continued against all Plaintiffs by creating false and

incomplete police reports, swearing to false criminal charges, and, in the cases of Plaintiffs Nazario and Castrejon, falsely testifying in court against them..

73. There was no probable cause for the institution of criminal charges against Plaintiffs for resisting/obstructing a peace officer.

74. The criminal charges against Plaintiffs for resisting/obstructing a peace officer were disposed of in a manner indicative of their innocence, in that the state's attorney dismissed those charges.

75. Defendants Delaney, Cerda, Kruger, Grassi, Frear, Chernik, Trotter, Mannot, Schachelmayer and Corona maliciously caused criminal charges for mob action to be commenced and continued against all Plaintiffs by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against him.

76. There was no probable cause for the institution of criminal charges for mob action against Plaintiffs.

77. The criminal charges for mob action against Plaintiffs were disposed of in a manner indicative of their innocence, in that the state's attorney dismissed those charges.

78. Defendant Grassi and Kruger maliciously caused criminal charges for aggravated battery to a peace officer to be commenced and continued against Plaintiffs Nazario and Castrejon respectively, by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against him.

79. There was no probable cause for the institution of criminal charges for aggravated battery to a peace officer against Plaintiffs Nazario and Castrejon.

80. The criminal charges against Plaintiffs Nazario and Castrejon were disposed of in a manner indicative of his innocence, in that a jury of their peers found them not guilty.

81. Defendants' actions caused the Plaintiffs injuries, including emotional and physical damages, legal fees, trauma, humiliation, loss of liberty, mental distress, and anguish.

82. Defendants' conduct was willful and wanton.

83. The misconduct carried out by Defendant Officers was within the scope of their employment such that their employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## CLAIM VIII
### Indemnity Claim - 745 ILCS 10/9-102
### Against the City of Chicago

84. Plaintiffs re-allege and incorporate all previous paragraphs.

85. Defendant City of Chicago is the employer of Defendant Officers.

86. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

87. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

88. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiffs were injured.

WHEREFORE, should any Defendant Officer be found liable on one or more of the claims set forth above, Plaintiffs demand, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiffs obtain against said Defendants, as well as attorneys' fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

## CLAIM IX
### Conspiracy to Commit State Tort
### For Plaintiffs Nazario and Castrejon
### Against Defendant City of Chicago

89. Plaintiff re-alleges and reincorporates all previous paragraphs.

90. Defendants Kruger, Grassi, Frear, Chernik, Trotter, Mannot and Rodriguez reached an agreement amongst themselves to maliciously prosecute Plaintiffs.

91. The Defendant Officers, acting in concert, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

92. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

93. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

94. The misconduct undertaken by Defendant Officers was within the scope of their employment such that their employer, the City of Chicago is liable for those actions.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Chicago and for actual and compensatory damages in an amount deemed at time of trial to be just fair, and appropriate.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully Submitted,

| For Plaintiffs Nazario and Castrejon: | For Plaintiffs Mercado, Gomez and Rodriguez: |
|---|---|
| /s/ Abby Bakos<br>Abby Bakos | /s/ Melinda Power<br>Melinda Power |
| /s/ Brendan Shiller<br>Brendan Shiller | /s/ Sandeep Basran<br>Sandeep Basran |
| /s/ Stephen Berrios<br>Stephen Berrios | |

The Shiller Preyar Law Offices  
601 S. California Ave.  
Chicago, IL 60612  
(312) 226-4590

West Town Community Law Office  
2502 W. Division Street  
Chicago, Illinois 60622  
(773) 278-6706